```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

HENRY BRIGGS,

       Plaintiff,

vs.                                   No. 04-2648-B/P

U.S. MARSHALS SERVICE, et al.,

       Defendants.

```
         ORDER ASSESSING $150 CIVIL FILING FEE
                ORDER OF PARTIAL DISMISSAL
                           AND
    ORDER TO ISSUE AND EFFECT SERVICE ON THE REMAINING DEFENDANT
```

Plaintiff Henry Briggs, Bureau of Prisons ("BOP") inmate registration number 19392-076, who was, at the time he commenced this action, a pretrial detainee at the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee, filed a complaint pursuant to <u>Bivens v. Six Unknown Fed. Agents</u>, 403 U.S. 388 (1971),[1] on August 18, 2004. The Clerk shall record the defendants as the U.S. Marshals Service, the Corrections Corporation of America ("CCA"), and WTDF Warden Marcel Mills.[2]

---

[1] Although Plaintiff filed his complaint on the form used for actions pursuant to 42 U.S.C. § 1983, Briggs is a federal prisoner. In order to state a § 1983 claim, plaintiff must allege action under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 55-57 (1988). Because Plaintiff is in the custody of the BOP, which acts under color of federal law, the Court construes the complaint as one brought pursuant to <u>Bivens</u>.

[2] The complaint also purports to sue "W.T.D.F. Medical Staff." However, service of process cannot be made on a fictitious party. Moreover, the filing of a complaint against "John Doe" defendants does not toll the running of the
(continued...)

I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[3] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them

---

[2]   (...continued) statute of limitation against those parties. <u>See</u> <u>Cox v. Treadway</u>, 75 F.3d 230, 240 (6th Cir. 1996); <u>Bufalino v. Michigan Bell Telephone Co.</u>, 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent that plaintiff seeks to bring any complaint against any other individual or entity, he must identify the defendant and file a new lawsuit within the one-year statute of limitations applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a).

[3]   This action was commenced before the civil filing fee increased to $250 on March 7, 2005 and to $350 on April 9, 2006.

to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of
      Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

3

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

 The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's current prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the United States Penitentiary in Pollock, Louisiana to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. <u>Analysis of Plaintiff's Claims</u>

 Briggs alleges that he injured his ankle during a softball tournament on July 14, 2004. An x-ray was performed on July 16, 2004, which confirmed that the ankle was broken. He contends he did not receive emergency medical attention. On July 21, 2004, Plaintiff was taken to an outside hospital for additional x-rays. After reviewing the results, Dr. William Moffatt, who is not a party to this action, wrote to the warden stating that the inmate needed immediate medical attention. The warden allegedly took the position that it was the responsibility of the Marshals Service to approve medical treatment for Briggs. On July 28, 2004, Plaintiff had a court date but by then, he had not had surgery and his ankle had not been put in a cast. While at the federal building, he inquired about medical treatment for his ankle and was told that the decision was to be made by CCA. On August 3, 2004, Defendant Mills allegedly told Plaintiff that he would have surgery the next day, August 4, 2004. Mills also allegedly stated that the three-week delay was

attributable to the fact that the Marshals Service did not want to incur the expense.

Plaintiff seeks monetary damages and injunctive relief.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>  (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff's claim against the U.S. Marshals Service, a federal agency, is barred by sovereign immunity. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages").[4] Applying these standards, numerous courts have dismissed Bivens claims against the Marshals Service. See, e.g., Culliver v. Corrections Corp. of Am., No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000); see

---

[4] Sovereign immunity also bars Bivens actions against the United States or its agencies for declaratory and injunctive relief. Wolverton v. United States, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); United States v. Rural Elec. Convenience Coop. Co., 922 F.2d 429, 434 (7th Cir. 1991).

also Singletary v. United States, 82 Fed. Appx. 621, 623-24 (10th Cir. Nov. 25, 2003); Wright v. Meyer, 46 Fed. Appx. 529, 530 (9th Cir. Sept. 18, 2002); Taylor v. United States, 248 F.3d 736 (8th Cir. 2001); Schlaeblitz v. United States Dep't of Justice, 924 F.2d 193 (11th Cir. 1991) (per curiam). Moreover, Plaintiff's claim against Defendant Mills in his official capacity is also barred by sovereign immunity. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115-16 (6th Cir. 1988) (per curiam). Accordingly, the Court DISMISSES the complaint with respect to the U.S. Marshals Service, and Defendant Mills in his official capacity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).[5]

Second, the Supreme Court held in Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001), that Bivens actions may not be maintained against corporate defendants. Accordingly, the Court DISMISSES the complaint with respect to CCA pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

As for Plaintiff's claim against Mills in his individual capacity, this Defendant cannot be held liable because of his position as Warden of the WTDF. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least

---

[5] The Court has not construed the complaint as asserting a claim pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671 et seq., because there is no indication from the face of the plaintiff's complaint that he has properly exhausted his claims as required by 28 U.S.C. § 2675.

> implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint contains no allegations that Defendant Mills "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of Defendant Mills to perform a function he was legally obligated to conduct, Doe v. Claiborne County, Tenn., 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. Shehee, 199 F.3d at 300. Therefore, even if it were assumed that the medical staff at the WTDF was deliberately indifferent to a serious medical need or that the maintenance staff failed to keep the playing field and equipment in serviceable condition, Mills could not be personally liable to Plaintiff.

Accordingly, the Court DISMISSES the complaint against Defendant Mills, to the extent it asserts a claim against him in his supervisory capacity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The only remaining claim against Defendant Mills asserts

that he was deliberately indifferent to Plaintiff's serious medical need by failing to obtain medical treatment for his broken ankle for two weeks after being informed by a doctor that immediate treatment was required.

III. <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for the remaining defendant and deliver that process to the marshal for service. Service shall be made on Defendant Mills pursuant to Fed. R. Civ. P. 4(i)(1)(B), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States. The service on Defendant Mills shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendant or on Defendant if he has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 19th day of April, 2007.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE